NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4268
_____

UNITED STATES OF AMERICA

v.

RONAL MURILLO
a/k/a "ABEJON"

Ronal Murillo,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-05-cv-00700-002)
District Judge: Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2010

Before: SLOVITER, BARRY and HARDIMAN, *Circuit Judges*.

(Filed: July 1, 2010)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

After Ronal Murillo appealed his judgment of sentence, counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Although we conclude that counsel's *Anders* brief does not satisfy Third Circuit Local Appellate Rule 109.2(a), we will grant counsel's motion to withdraw and dismiss Murillo's appeal because we lack jurisdiction.

## I.

Because we write solely for the parties, we recount only the essential facts.

Following a jury trial, Murillo was convicted of a single count of conspiring to transfer false identification documents, in violation of 18 U.S.C. § 1028. On appeal, we affirmed Murillo's conviction but vacated his sentence and remanded for resentencing. *See United States v. Murillo*, 284 F. App'x 982 (3d Cir. 2008) (non-precedential). In doing so, we noted that "Murillo has served his prison sentence and thus the only remaining issue is the length of his supervised release term." *Id*. at 984.

On remand, the District Court imposed no supervised release term. Though Murillo had completed term of incarceration, he was held by the Bureau of Immigration and Customs Enforcement on an immigration detainer. He was later deported to his native El Salvador, where he remains.

Sometime prior to his removal, Murillo filed this appeal. His counsel then moved to withdraw pursuant to *Anders*. The Government also filed a motion to dismiss for lack

of appellate jurisdiction, arguing that Murillo's completion of his sentence and subsequent deportation moots his appeal.[1]

## II.

When counsel finds a criminal appeal to be "wholly frivolous" despite a "conscientious examination" of the record, he must advise the Court and request permission to withdraw. *Anders*, 386 U.S. at 744. Pursuant to Local Appellate Rule 109.2(a), this request must be accompanied by a brief that "(1) . . . satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues, and (2) . . . explain[s] why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Our review of counsel's *Anders* brief is limited. We ask only "(1) whether counsel adequately fulfilled [Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.*

Here, we are not satisfied that Murillo's attorney complied with the requirements of Rule 109.2(a) or *Anders*. Counsel identifies only two potential issues for appeal. First, he argues that Murillo's resentencing comported with Federal Rule of Criminal Procedure 32. Second, he represents that the District Court followed the sentencing procedure of *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006).

However, counsel offers only a conclusory assessment in support of his claim that these issues are frivolous. Further complicating matters, counsel's appendix includes

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

only a single page "excerpt" from the resentencing hearing transcript, preventing us from confirming his cursory evaluation of these claims.

Additionally, counsel's argument that the District Court complied with *Gunter* simply by asking the parties for objections to Murillo's pre-sentence investigation report and by hearing argument on "other sentencing factors" indicates a misunderstanding of the three-step sentencing procedure we established in that case. *See* 462 F.3d at 247. Moreover, counsel's argument that "the appellate waiver contained in the plea agreement precludes this appeal" overlooks the fact that his client pleaded not guilty and was tried and convicted by a jury. For these reasons, we conclude that counsel has not "thoroughly examined the record in search of appealable issues." *Youla*, 241 F.3d at 300.

Despite these deficiencies, we retain the discretion to allow withdrawal where the "frivolousness [of the appeal] is patent." *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000). As the Government explains, Murillo has completed his term of active incarceration and was given no supervised release on re-sentencing. He was later deported to El Salvador. Because Murillo can no longer show any "actual injury traceable to the District Court's decision that can be redressed by a favorable decision here[,]" his appeal is moot and we lack jurisdiction to consider it. *United States v. Okereke*, 307 F.3d 117, 121 (3d Cir. 2002). Accordingly, we will grant the Government's motion to dismiss for lack of jurisdiction and in a separate order grant counsel's motion to withdraw.